# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FARRIN HAWKINS,

    Petitioner,

vs.

BRIAN WILLIAMS, SR., *et al.*,

    Respondents.

Case No. 2:14-cv-01421-GMN-PAL

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

Petitioner's application to proceed *in forma pauperis* establishes that the petitioner qualifies for *in forma pauperis* status. He shall be granted leave to proceed *in forma pauperis,* and shall not be required to pay the filing fee for his habeas corpus petition. The petition will be ordered filed.

Petitioner challenges a 1989 criminal conviction in the Eighth Judicial District Court, in Clark County, Nevada. The Court will not order the petition served on respondents, because it appears likely that the petition was filed outside the AEDPA one-year limitations period, and may be subject to dismissal on that basis. 28 U.S.C. § 2244(d)(1). The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. Specifically, and in pertinent part, the statute reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Moreover, the United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "A petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

    The AEDPA statute of limitations has serious implications for petitioner. According to the petition, petitioner was convicted on July 20, 1989. Petitioner signed his federal habeas petition and dispatched it for mailing on August 20, 2014. It appears likely that the petition was filed well outside the AEDPA one-year limitations period. Petitioner will be granted an opportunity to demonstrate either that he submitted his federal habeas corpus petition in a timely manner, or that he is entitled to equitable tolling of the one-year limitations period imposed by the AEDPA.

    Additionally, on the face of the federal petition, petitioner states that his grounds for relief were not exhausted in state court. A federal court will not review a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Petitioner will be granted an opportunity to demonstrate when and how he exhausted in the state courts each ground contained in

the federal petition.

Petitioner has filed a motion for the appointment of counsel. (ECF No. 2). Pursuant to 18 U.S.C. § 3006(a)(2)(B), the district court has discretion to appoint counsel when it determines that the "interests of justice" require representation. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). In the instant case, petitioner's motion for counsel is a "form motion" which contains no facts specific regarding petitioner and states no particular reason why petitioner is unable to litigate this action himself. While the petition is not the model of clarity, it is sufficiently clear in presenting the issues that petitioner wishes to bring. It does not appear that counsel is justified in this instance. The motion for the appointment of counsel is denied.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**. Petitioner shall not be required to pay a filing fee to file his habeas corpus petition. The habeas corpus petition shall be **FILED** by the Clerk of Court.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of entry of this order, petitioner **SHALL FILE** points and authorities, together with such evidence he may have, that demonstrates either that he submitted his federal habeas corpus petition in a timely manner, or that he is entitled to equitable tolling of the one-year limitations period imposed by the AEDPA. Petitioner's failure to comply with this order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of entry of this order, petitioner **SHALL FILE** points and authorities, together with such evidence he may have, that demonstrates when and how he exhausted his grounds for relief in state court. Petitioner's failure to comply with this order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for free copies (ECF No. 3) is

1. **GRANTED** only to the extent that the Clerk **SHALL SEND** petitioner the CM/ECF printout of the docket in this action.

   **IT IS FURTHER ORDERED** that the Clerk shall not serve respondents with the habeas corpus petition at this time.

   **DATED** this 8th day of December, 2014.

   _____
   Gloria M. Navarro, Chief Judge
   United States District Court