# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FARRIN HAWKINS,

    Petitioner,

vs.

BRIAN WILLIAMS, SR., *et al.*,

    Respondents.

Case No. 2:14-cv-01421-GMN-PAL

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

    This Court has conducted a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The Court must dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing Section 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990).

    Petitioner challenges a 1989 criminal conviction in the Eighth Judicial District Court, in Clark County, Nevada.  It appears that the petition was filed outside the AEDPA one-year limitations period, and is subject to dismissal on that basis. 28 U.S.C. § 2244(d)(1).  The AEDPA statute of limitations has serious implications for petitioner.  According to the petition, petitioner was convicted on July 20, 1989.  Petitioner signed his federal habeas petition and dispatched it for mailing on August 20, 2014.  The petition was filed well outside the AEDPA one-year limitations period.

    Additionally, on the face of the federal petition, petitioner states that his grounds for relief were not exhausted in state court.  A federal court will not review a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A claim remains unexhausted until the

petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).

By order filed December 8, 2014, petitioner was informed that his petition appeared to be both untimely and unexhausted. (ECF No. 4). Regarding the statute of limitations, petitioner was given an opportunity to demonstrate either that he submitted his federal habeas corpus petition in a timely manner, or that he is entitled to equitable tolling of the one-year limitations period imposed by the AEDPA. Regarding exhaustion, petitioner was given an opportunity to demonstrate when and how he exhausted his grounds for relief in state court. Petitioner was informed that his failure to respond to the Court's order would result in dismissal of this action. (ECF No. 5, at p. 3). *See Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001) (district court has authority to raise statute of limitations *sua sponte* and dismiss petition on that ground "after the court provides the petitioner with adequate notice and an opportunity to respond."). "For a *pro se* petitioner . . . the court must make clear the grounds for dismissal and consequences of failing to respond." *Herbst*, 260 F.3d at 1043. This Court has provided petitioner with notice of the deficiencies of his petition, an opportunity to provide an explanation regarding the untimeliness of his petition and his failure to exhaust state court remedies, and was cautioned that his failure to respond to the Court's order would result in dismissal of the action. Petitioner failed to respond to the Court's order, as he has not made any demonstration regarding the untimeliness of his petition or his failure to exhaust the claims in his petition. Accordingly, this action is dismissed.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**, as reasonable jurists would not find the dismissal of this action to be debatable or wrong.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

**DATED** this 15th day of April, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court